A. J. EVANS, ADMINISTRATOR, *v.* B. F. ROBERTSON.

1. ESTATES OF DECEDENTS.  *Planting under* § 1156, *Code* 1871.  *Special creditor.*
    He who advances supplies, in making the crop, to an administrator who is carrying on the decedent's farm under orders of the Chancery Court, in pursuance of § 1156 Code 1871, must look alone to the crop, and cannot subject the *corpus* of the estate.

2. SAME.  *Subrogation to rights of general creditors.*
    The application of the proceeds of the crop to the payment of general creditors entitles such person to a satisfaction of his demand *pro tanto* out of the general assets.

3. SAME.  *Equity jurisdiction.*
    Such right must be enforced by bill in chancery, not by a suit at law.

ERROR to the Circuit Court of Clay County.

Hon. JAMES M. ARNOLD, Judge.

This was assumpsit by B. F. Robertson against A. J. Evans, administrator, upon an account for necessary plantation supplies furnished him in 1873 and 1874, while cultivating the farm of his intestate under orders of the Chancery Court, as provided in § 1156, Code 1871, the administrator having reported the proceeds of the crop to the court as assets, and applied the same to the payment of the general creditors of the estate, refusing to satisfy the plaintiff.  The defendant demurred, on the grounds that the claim was not against the *corpus* of the estate ; that the data to fix the income for 1873 and 1874 were not given; and that the court had no jurisdiction of the suit.  Declining to plead further after the overruling of the demurrer, the defendant suffered judgment *nil dicit* for the whole amount of the account, and brought up the case.

*White & Bradshaw*, for the plaintiff in error.

1. The debts incurred by an administrator in cultivating his intestate's farm are not a charge on the *corpus* of the estate. Code 1871, § 1156; Code 1857, p. 448, art. 96 ; Hutch. Code, p. 662, art. 84; *Woods* v. *Ridley*, 27 Miss. 119 ; *Farley* v. *Hord*,

45 Miss. 96; *Short* v. *Porter*, 44 Miss. 533; *Hagan* v. *Barks-dale*, 44 Miss. 190; 7 How. (Miss.) 154.

2. The remedy of the plaintiff was to object to the report of the administrator to the Chancery Court. He has lost his claim by his own negligence. At most, this is the administrator's individual debt, for which the intestate's estate is not liable. *Clopton* v. *Gholson*, 53 Miss. 471.

*Gerdine & Critz*, for the defendant in error.

1. True, the claim was alone on the crop. Code 1871, § 1156. But this having been applied to general creditors, the plaintiff is subrogated to their rights against the general estate. *Emanuel* v. *Norcum*, 7 How. (Miss.) 155; *Farley* v. *Hord*, 45 Miss. 105.

2. The Circuit Court has jurisdiction. The point that because the crop has been accounted for with the Chancery Court, the law court has lost control of the matter, would apply equally to every suit against an administrator.

3. As to the absence of data to determine the income, the declaration charges that the whole crop was accounted for and paid to the general creditors. The presumption is that it was enough to pay the supply bill, in the absence of a plea or showing to the contrary.

CHALMERS, J., delivered the opinion of the court.

Where an administrator or executor is carrying on the farm of the decedent under the orders of the Chancery Court, in pursuance of § 1156 Code 1871, the creditor who advances money or supplies in the making of the crop must look alone to the proceeds of the crop, and takes the risk of a profit being made in the farming operations. If, in fact, a profit is made and applied by the administrator to the payment of the general debts of the estate, leaving unpaid the debts contracted in the farming operations, the holders of these latter debts will have a right to go against the *corpus* of the estate. In such case the fund primarily devoted by the statute to a satisfaction of their demands having been applied to the payment of general debts, they will be equitably entitled to be subrogated to the rights of general creditors against the body of the estate, to the extent that there was a profit made in the farm-

ing operations, and to the extent that such profit was actually applied to the discharge of general debts. *Emanuel v. Norcum*, 7 How. (Miss.) 150; *Farley v. Hord*, 45 Miss. 96, 105.

It is quite evident that this right cannot be asserted in a court of law. It involves issues impossible of satisfactory solution in such a tribunal, inquiries as to the nature of the claim sued upon, as to whether there was a profit in the farming operations, if so, to what amount, and how much of this profit was applied to the general debts of the estate. That a court of law is incapable of dealing with such inquiries is abundantly shown by the result in this case, where a demurrer to the declaration having been overruled, and the defendant having declined to plead further, judgment *nil dicit* was entered for the whole amount sued for, leaving undetermined all of those matters upon the existence of which the right to recover really depended. Had the proceeding been in chancery, a *pro confesso* would have been followed by a reference to the master for a settlement of these questions.

*Judgment reversed, demurrer sustained, and action dismissed.*